**IN THE UNITED STATES DISTRICT COURT**
**FOR THE EASTERN DISTRICT OF MISSOURI**
**EASTERN DIVISION**

| | |
|---|---|
| KRISTIN GRISHAM,<br>Individually and on behalf of all other<br>similarly situated in Missouri,<br><br>    Plaintiff,<br><br>v.<br><br>WELCH FOODS, INC., A cooperative and<br>THE PROMOTION IN MOTION<br>COMPANIES, INC.<br><br>    Defendants. | Case No. -----------------<br><br>[Circuit Court of Phelps County No. 16PH-<br>CV01583]<br><br><br>Action Filed:  October 27, 2016<br>Complaint Served: December 1, 2016<br>Removal:  January 3, 2017<br><br>**JURY TRIAL DEMANDED** |

**DEFENDANTS WELCH FOODS, INC. AND THE PROMOTION IN MOTION**
**COMPANIES, INC.'S NOTICE OF REMOVAL**

**TO THE CLERK OF THE ABOVE-ENTITLED COURT:**

  **PLEASE TAKE NOTICE** that defendant Welch Foods, Inc. and The Promotion In

Motion Companies, Inc. ("PIM") (collectively, the "Defendants") by and through their attorneys,

Stinson Leonard Street LLP, and pursuant to 28 U.S.C. §§1332, 1441, and 1446, hereby remove

the above-captioned action from the Circuit Court of Phelps County, Missouri for the reasons

described below:

**I.  INTRODUCTION**

  1.  On or about October 27, 2016, Plaintiff Kristin Grisham, individually, and on

behalf of all others similarly situated in Missouri, ("Plaintiff") filed a civil action in the Circuit

Court of Phelps County, Missouri entitled *Grisham v. Welch Foods, Inc., et al.*, Case No. 16PH-

CV01583 (the "State Court Action").  These filings included the Petition, separate summons on

Defendants, and a Request for Issuance of Summons.  *See* Exhibits. A-D.  A copy of the state-

1

court docket is attached as Exhibit G.

2.     Plaintiff served the Complaint and Summons on PIM on December 1, 2016.  *See* Exhibit B.

3.     Plaintiff served the Complaint and Summons on Welch Foods on December 8, 2016.  *See* Exhibit C.

4.     On November, 14, 2016, Lexis Nexis filed a document request.  *See* Exhibit E.

5.     Plaintiff alleges that Defendants engaged in false, deceptive, and misleading conduct under the Missouri Merchandising Practices Act ("MMPA") because the packaging for their Welch's Fruit Snacks, as identified on page 2 of the Complaint, allegedly contain non-functional slack-fill and pursues damages, disgorgement, and injunctive relief arising from the alleged false, misleading, and deceptive conduct.

## II.     GROUNDS FOR REMOVAL PURSUANT TO CAFA

6.     The Class Action Fairness Act, 28 U.S.C. § 1332(d), ("CAFA") provides this Court with original jurisdiction of this case and permits Defendants to remove the State Court Action from Missouri state court to this Court.  CAFA provides that federal district courts shall have original jurisdiction over class actions where the number of proposed class members is 100 or greater, any member of the putative class of plaintiffs is a citizen of a state different from that of any defendant, and the aggregate amount in controversy for all putative class member exceeds $5,000,000 (exclusive of interest and costs).  28 U.S.C. § 1332(d)(2), (d)(5)(B).  These jurisdictional requirements are satisfied in this action.

### A.     This is a Class Action as Defined by CAFA

7.     This action meets the applicable definition of a class action under CAFA, which defines a class action as "any civil action filed under rule 23 of the Federal Rules of Civil

Procedure or similar State statute or rule of judicial procedure."  28 U.S.C. § 1332(d)(1)(B).

8.      Plaintiff filed the State Court Action as a putative class action on behalf of herself
and a proposed class of "All Missouri citizens who purchased the Products in the five years
preceding the filing of this Petition (the 'Class Period')."  The putative class includes Plaintiff.
Complaint ¶¶ 5, 30.

9.      The Missouri rule governing the maintenance of class actions, Missouri Rule of
Civil Procedure 52.08, is analogous to Federal Rule of Civil Procedure 23.  Thus, this action falls
within the definition of a "class action" under CAFA.

**B.      The Proposed Class Consists of More Than 100 Members**

10.     The putative class in this action consists of over 100 members.  28 U.S.C. §
1332(d)(5)(B).  Plaintiff purports to represent a class that includes "hundreds or thousands of
purchasers." Complaint ¶ 32.

11.     Although Defendants dispute that any class can be appropriately certified under
any applicable rule, Plaintiff's allegations in the Complaint are sufficient to satisfy CAFA's
requirement that the proposed class consist of at least 100 members.  *See* 28 U.S.C.
§ 1332(d)(5)(B).

**C.      There Is Minimal Diversity of Citizenship Under CAFA**

12.     The requisite diversity of citizenship exists between Defendants and
the putative class members.  CAFA provides that "[t]he district courts shall have original
jurisdiction of any civil action in which the matter in controversy exceeds the sum or value of
$5,000,000, exclusive of interest and costs, and is a class action in which . . . *any* member of a
class of plaintiffs is a citizen of a State different from *any* defendant."  28 U.S.C.
§ 1332(d)(2)(A) (emphasis added).  Thus, only minimal diversity is required.

3

13.     Defendant Welch Foods, Inc. is a corporation organized under the laws of Michigan with its principal place of business and registered agent for service of process in Massachusetts.  *See* Complaint ¶ 6.  Defendant The Promotion In Motion Companies, Inc. is a corporation organized under the laws of New Jersey with its principal place of business and registered agent for service of process in New Jersey. *See* Complaint ¶ 7.  Because Plaintiff is a resident of Rolla, Missouri (Complaint ¶ 5), then at least one of the putative class members is a citizen of a state different from one defendant—and, in this case, both defendants—and minimal diversity of citizenship is satisfied for purposes of CAFA.  28 U.S.C. § 1332(d)(2)(A), (d)(10).

### D.     The Amount in Controversy is Satisfied

14.     Plaintiff alleges in her Complaint that the class's ascertainable loss includes "the difference between the actual value of the purchased Products and the value of the Products if they had been as represented.  Had Plaintiff and Class Members known the truth about the Products, *they would not have purchased the Products*, or would have purchased the Products on different terms." Complaint, ¶ 45 (emphasis added).  Further, Plaintiff does not allege how much she or the class would have or should have paid for the Products, assuming she or the class would have bought the Products at all.  Yet, she alleges that the amount of class damages will not exceed $4,999,999.  Complaint, Prayer for Relief, c.

15.     Contrary to plaintiff's conclusory allegations, the aggregate amount in controversy here, exclusive of interest and costs, exceeds the value of five million dollars.  28 U.S.C. § 1332(d)(2), (d)(6).  Under Eighth Circuit law, a party seeking to remove under CAFA must establish the amount in controversy by a preponderance of the evidence.  *Raskas v. Johnson & Johnson*, 719 F.3d 884, 887 (8th Cir. 2013).  In *Raskas*, plaintiff consumers filed three putative class actions in state court claiming that defendant pharmaceutical companies violated

4

the MMPA and conspired to deceive customers into throwing away medications after their expiration dates. *Id.* at 886. Following removal and consolidation, the Eastern District of Missouri remanded for lack of subject matter jurisdiction under CAFA. *Id.* On appeal by the pharmaceutical companies, the Eighth Court found that a pharmaceutical company's total sales for its medications satisfied the amount in controversy, under CAFA, even though consumers were only seeking to recover damages for medications discarded and replaced, since the amount in controversy was an estimate of the total amount in dispute rather than a prospective assessment of the company's liability. *Id.* at 887-88. And, the Eighth Circuit applies the preponderance of evidence standard regardless of whether the complaint, as here, alleges an amount below the jurisdictional minimum. *Bell v. Hershey Co.*, 557 F.3d 953, 958-59 (8th Cir. 2009). Under the preponderance standard, "[t]he jurisdictional fact ... is not whether the damages *are* greater than the requisite amount, but whether a fact finder *might* legally conclude that they are...." *Id.* (quoting *Kopp v. Kopp*, 280 F.3d 883, 885 (8th Cir. 2002) (emphasis added).

16.     Further, once the proponent of federal jurisdiction has "explained plausibly" how the stakes exceed $5 million, then the removed case belongs in federal court unless it is legally impossible for the plaintiff to recover that much. *Raskas*, 719 F.3d at 888. "Even if it is highly improbable that the Plaintiffs will recover the amounts Defendants have put into controversy, this does not meet the legally impossible standard." *Id.* Moreover, a defendant is not required to provide a formula or methodology for calculating the potential damages more accurately. *Id.* Finally, "the removing party's burden of describing how the controversy exceeds $5 million constitutes a pleading requirement, not a demand for proof." *Id.* (quoting *Hartis v. Chicago Title Ins. Co.,* 694 F.3d 935, 944-45 (8th Cir. 2012) (internal quotations omitted)

17.     Having reviewed the Complaint and the facts known to the Defendants about

PIM's sales, Defendants allege that the amount in controversy well exceeds $5 million, as revenue for sales of Welch's Fruit Snacks in Missouri in the five years preceding October 27, 2016 was at least $6,154,402 for 3,101,302 boxes of Welch's Fruit Snacks sold. *See also* Declaration of Scott Yales in Support of Removal at ¶ 6. While Defendants dispute that Plaintiff or the putative class is entitled to any amount of recovery, Defendants have explained plausibly how the stakes exceed $5 million and so this case is removable under CAFA. *See Raskas*, 719 F.3d at 887 (finding defendant's affidavit detailing over $ 5 million in total sales of medications in Missouri meets the amount in controversy requirement).

18.     In addition, Plaintiff requests attorneys' fees and an injunction in this case. *See* Complaint ¶ 46 and Prayer for Relief p. 15. Plaintiff's only legal basis to obtain attorneys' fees is the statutory entitlement under the MMPA. *See* Mo. Rev. Stat. § 407.025.1. Statutory attorneys' fees are counted in assessing whether the jurisdictional minimum is met. *See, e.g.*, *Hartis v. Chicago Title Ins. Co.*, 656 F.3d 778, 782 (8th Cir. 2009) (statutory attorney's fees included in assessing amount in controversy); *Simon v. Blue Cross, Blue Shield of Kansas City*, No. 14-0587-CV-W-ODS, 2014 WL 4425734, at *2 (W.D. Mo. Sept. 9, 2014) (including attorneys' fees in amount in controversy on an MMPA claim). Further, the cost of an injunction is counted in assessing whether the jurisdictional minimum is met under CAFA. *See Keeling v. Esurance Ins. Co.*, 660 F.3d 273, 274 (7th Cir. 2011) (counting cost of compliance with injunction in determining amount in controversy under CAFA).

## III.    THE PROCEDURAL REQUIREMENTS FOR REMOVAL ARE SATISFIED

### A.      The Notice of Removal is Timely

19.     Plaintiff served the Summons and Complaint on Defendant PIM on December 1, 2016, and on Defendant Welch Foods on December 8, 2016. *See* Exhibits B and C. This notice

of removal is timely pursuant to 28 U.S.C. §§ 1446(b) and 1453(b) because it is filed within thirty days after Defendant PIM was served.

**B.**   **Venue is Proper**

20.     The Circuit Court of Phelps County, Missouri is located within the Eastern District of Missouri.  28 U.S.C. § 84(c).  This notice of removal is therefore properly filed in this Court pursuant to 28 U.S.C. §§ 1441(a), 1446(a), and 1453(b).

**C.**   **Notice of Filing**

21.     Pursuant to 28 U.S.C. § 1446(d), a copy of this Notice of Removal is being filed with the clerk of Circuit Court of Phelps County, Missouri and served upon counsel for Plaintiff. A copy of the Notice of Removal of Action filed with the state court is attached as Exhibit F.

**IV.   CONCLUSION**

For the reasons stated, federal diversity jurisdiction exists pursuant to 28 U.S.C. § 1332(d).  Accordingly, this action is removable to this Court pursuant to 28 U.S.C. §§ 1441(a) and 1453.

DATED:  January 3, 2017                    Respectfully submitted,

                                           STINSON LEONARD STREET LLP

                                           By:___/s/ John W. Moticka___
                                               John W. Moticka, #31760 MO
                                               J. Nicci Warr, #59975
                                               7700 Forsyth Boulevard, Suite 1100
                                               St. Louis, Missouri  63105
                                               (314) 863-0800 – Telephone
                                               (314) 863-9388 – Facsimile
                                               john.moticka@stinson.com
                                               nicci.warr@stinson.com

                                           *Attorneys for Defendants Welch Foods, Inc.*
                                           *and The Promotion In Motion Companies, Inc.*

7

## CERTIFICATE OF SERVICE

I hereby certify that on January 3, 2017, a copy of the foregoing was filed with the Court via the Court's electronic filing system and served via U.S. Mail on the following:

David Lloyd Steelman
901 N. Pine Street, Suite 110
P.O. Box 1257
Rolla, MO 65401

*Attorney for Plaintiff*

/s/ John W. Moticka_____

8