UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF MISSOURI
EASTERN DIVISION

| | |
|---|---|
| KRISTEN GRISHAM, | ) |
| | ) |
| Plaintiff, | ) |
| | ) |
| v. | ) No. 4:17-CV-3 RLW |
| | ) |
| WELCH FOODS, INC. and THE | ) |
| PROMOTION IN MOTION COMPANIES, | ) |
| INC., | ) |
| | ) |
| Defendants. | ) |

## MEMORANDUM AND ORDER

This matter is before the Court on Plaintiff's Motion to Remand (ECF No. 22) and Defendants the Promotion in Motion Companies, Inc. and Welch Foods, Inc.'s Motion to Dismiss Plaintiff's Complaint Pursuant to Fed. R. Civ. P. 12(b)(1), 12(b)(6), and 9(b) (ECF No. 19). These matters are fully briefed and ready for disposition.

## BACKGROUND

On October 27, 2016, Plaintiff Kristin Grisham ("Grisham") brought this class-action lawsuit in the Circuit Court of Phelps County, Missouri, based on Defendants Welch Foods, Inc. and The Promotion in Motion Companies, Inc.'s (collectively "Defendants") "misleading, deceptive and unlawful conduct in packaging Welch's Fruit Snacks ("Products") in non-transparent cardboard boxes, which are substantially under-filled or 'slack-filled.'" (Complaint and Jury Demand ("Complaint"), ECF No. 11, ¶3). Grisham purported to bring her claim under the Missouri Merchandising Practices Act ("MMPA"). Grisham sought damages, disgorgement, and injunctive relief as a result of this allegedly deceptive conduct. Grisham defines the class as

"All Missouri citizens who purchased the Products in the last five years preceding the filing of this Petition (the 'Class Period')." (Complaint, ¶¶5, 30).

On January 3, 2017, Defendants filed their Notice of Removal. (ECF No. 1). Defendants assert that this Court has original jurisdiction over this case under the Class Action Fairness Act (CAFA), 28 U.S.C. §1332(d).

## DISCUSSION

### I.  MOTION TO REMAND

Defendants removed this action based upon CAFA. (ECF No. 1). CAFA provides that federal district courts shall have original jurisdiction over class actions where the number of proposed class members is 100 or greater, any member of the putative class of plaintiffs is a citizen of a state different from that of any defendant, and the aggregate amount in controversy for all putative class members exceeds $5,000,000 (exclusive of costs). 28 U.S.C. §1332(d)(2), (d)(5)(B).

The parties do not dispute that the putative class contains over 100 members. 28 U.S.C. §1332(d)(5)(B); Complaint, ¶32 (Grisham alleges that the class includes "hundreds or thousands of purchasers."). The parties also do not dispute that minimal diversity under CAFA exists. 28 U.S.C. §1332(d)(2)(A), (d)(10). Defendant Welch Foods, Inc. is a corporation organized under the laws of Michigan with its principal place of business in Massachusetts. (Complaint, ¶6). Defendant The Promotion in Motion Companies, Inc. is a corporation organized under the laws of New Jersey, with its principal place of business and registered agent for service of process in New Jersey. (Complaint, ¶13). Finally, Grisham is a resident of Rolla, Missouri (Complaint, ¶5), so there is minimal diversity of citizenship for purposes of CAFA.

The only dispute between the parties seems to be whether the amount in controversy under CAFA (over $5,000,000) is satisfied. (ECF No. 1, ¶¶14, 18). Grisham alleged in her Complaint that the amount of class damages will not exceed $4,999,999. (Complaint, Prayer for Relief, c). However, Defendants assert that the amount in controversy well exceeds $5 million because the revenue for sales of Welch's Fruit Snacks in Missouri in the five years proceeding October 27, 2016 was at least $6,154,402 for 3,101,302 boxes of Welch's Fruit Snacks sold. (ECF No. 1, ¶17). In addition, Defendants assert that Grisham has requested attorneys' fees under the MMPA, which are included in assessing whether the jurisdictional minimum is met. (ECF No. 1, ¶18). Likewise, the costs of an injunction are counted in assessing whether the jurisdictional minimum under CAFA is met. (ECF No. 1, ¶18).

In Grisham's Motion to Remand, she claims that this Court lacks jurisdiction over her putative class action under CAFA. (ECF No. 23). Grisham claims that she has asserted claims based on a single fruit snack product, not any other product. (ECF No. 23 at 6). Grisham notes, however, that Defendants' Notice of Removal includes sales information for their entire product line, not just the product purchased. (ECF No. 23 at 6). Grisham notes that she does not have Article III standing as to products she did not purchase. (ECF No. 23 at 4). As a result, Grisham claims that Defendants cannot satisfy the $5 million minimum amount in controversy requirement under CAFA. Therefore, Grisham contends that remand is required because this Court lacks jurisdiction. (ECF No. 23 at 6-7 (citing *Wallace v. ConAgra Foods, Inc.*, 747 F.3d 1025, 1033 (8th Cir. 2014)).

In response, Defendants argue that they have satisfied the jurisdictional amount requirement under CAFA. (ECF No. 26). Defendants note that jurisdiction under CAFA is determined by the operative complaint at the time of removal. ECF No. 26 at 2; *see also Hargis*

*v. Access Capital Funding, LLC*, 674 F.3d 783, 789–90 (8th Cir. 2012) ("Hargis's First Amended Complaint redefined her class as consisting of only Missouri plaintiffs, but her original complaint controls this determination, as it was the operative complaint at the time of removal."). Defendants argue that Grisham alleges that Defendants' unlawful conduct was in connection with "Products" and that the Complaint expressly defines the "Products" to include at least fourteen different "Products." (ECF No. 26 at 2 (citing Complaint, ¶¶20, 30)).[1] Defendants note that the total revenue for the "Products" was $6,154,402, which does not include the cost for the injunction or attorneys' fees. (ECF No. 26 at 6-7). Defendants maintain that Grisham cannot attempt to limit the "Products" included in the Complaint after the fact. (ECF No. 26 at 9-10 (citing *Raskas v. Johnson & Johnson*, 719 F.3d 884, 888, n.1 (8th Cir. 2013) ("The complaint never appears to limit the medication to 'Genuine Bayer Aspirin,' and Plaintiffs cannot attempt to limit the medication after the fact to defeat jurisdiction."). Further, contrary to Grisham's argument, Defendants assert that Grisham's lack of standing as to the Products that she did not purchase does not affect the amount in controversy for jurisdictional purposes. (ECF No. 26 at 8-9). Defendants maintain that they can remove this action and then argue that this case, in part,

---

[1] The Court assumes that Defendants are referring to paragraph 21 of the Complaint, which states:
> The Products are gummy-like fruit snacks and yogurt-covered/peanut-butter-covered fruit snacks, sold in many varieties, including but not limited to Apple Orchard Medley Fruit Snacks; Island Fruits Fruit Snacks; Tangy Fruits Fruit Snacks; Fruit Punch Fruit Snacks; Concord Grape Fruit Snacks; White Grape Raspberry Fruit Snacks; Mixed Fruit Reduced Sugar Fruit Snacks; Fruit'n Yogurt Cherry Snacks; Fruit'n Yogurt Strawberry Snacks; Fruit'n Yogurt Blueberry Snacks; and PB&J Creamy Strawberry Snacks.

As previously stated, Grisham also defines the class in the Complaint as:
> All Missouri citizens who purchased the Products in the five years preceding the filing of this Petition (the "Class Period").

(Complaint, ¶30).

should be dismissed for lack of standing, without barring Defendants' basis for removal. (ECF No. 26 at 11-12 (contrasting *Wallace*, 747 F.3d at 1030-33).

The Court is not persuaded by Defendants' interpretation of the Eighth Circuit precedent. In *Wallace v. ConAgra Foods, Inc.*, the plaintiffs, who were not motivated by faith, purchased Hebrew National brand products, which described "kosher" as the "New Organic." *Wallace.* 747 F.3d at 1027. Plaintiffs alleged they paid an "unjustified premium for Hebrew National's ostensibly kosher beef." *Id.* Defendant ConAgra Foods, Inc. removed the action to federal court under CAFA. The Eighth Circuit clearly stated that Article III standing was a threshold requirement for bringing an action in federal court and that federal courts' jurisdiction to hear cases could not be broadened through statutory action, *i.e.*, CAFA. *Wallace.* 747 F.3d at 1031-32. Further, the Eighth Circuit instructed the district court to remand the action "[b]ecause the consumers suffered no "particularized[ ] and actual" injury, ..., [and] we are bound to conclude the consumers lack traditional Article III standing and CAFA does not extend federal jurisdiction to this case." *Wallace*, 747 F.3d at 1033 (citing *Clapper v. Amnesty Int'l USA*, 568 U.S. 398, 133 S. Ct. 1138, 1148, 185 L. Ed. 2d 264 (2013); *In re Zurn Pex Plumbing Prod. Liab. Litig.*, 644 F.3d 604, 616 (8th Cir. 2011)).

In this case, both parties have admitted that Grisham had no injury in fact with respect to thirteen of the fourteen Products identified. *See* Complaint, ¶5 (On at least one occasion during the Class Period (as defined below), Plaintiff purchased Welch's Fruit Snacks at a Kroger store in Rolla, Missouri, for personal, family or household purposes."). Likewise, the parties both acknowledge that Grisham lacks standing to bring claims relating to products she did not purchase. (ECF No. 20 at 6-8; ECF No. 23 at 4; ECF No. 26 at 8-9). Thus, the Court concludes that it lacks injury in fact over these claims and CAFA cannot be used "as a congressional

attempt to extend federal jurisdiction over "injuries that were previously inadequate in law." *Lujan v. Defenders of Wildlife*, 504 U.S. 555, 578 (1992). Because the Court holds that that Grisham suffered no particularized and actual injury with respect to 13 of the 14 Products, the Court holds that Grisham cannot have Article III standing for those 13 Products. As a result, CAFA cannot extend jurisdiction for those claims and Grisham's claims must be remanded for failure to satisfy the amount in controversy requirement under CAFA. Based upon the Eighth Circuit precedent, the Court holds that it "*must* remand the case to the state court from whence it came." *Wallace*, 747 F.3d at 1033 (citing 28 U.S.C. § 1447(c); 28 U.S.C. § 1453(c)(1)).

Accordingly,

**IT IS HEREBY ORDERED** that Plaintiff's Motion to Remand (ECF No. 22) is **GRANTED**. An Order of Remand is filed herewith.

Dated this 22nd day of May, 2017.

RONNIE L. WHITE
UNITED STATES DISTRICT JUDGE